IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA HOPFINGER,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF NASHVILLE, ILLINOIS,<br>BRIAN FLETCHER, ERIC ROLF,<br>JOSH FARK, SUE FINKE,<br>TERRY KOZUSZEK,<br>DOUG HARGEN, KELLY SHERIDAN,<br>and DENNIS KELLERMAN,<br><br>  Defendants. | Case No. 3:18-CV-1523-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Request to Determine Sufficiency of Responses to Requests for Admissions as to All Defendants (Doc. 75) and the Motion to Compel (Doc. 84) filed by Plaintiff Melissa Hopfinger. The Motion to Compel is directed to Defendants City of Nashville, Eric Rolf, Josh Fark, Sue Finke, Terry Kozuszek, Doug Hargen, Kelly Sheridan, and Dennis Kellerman (Doc. 84). For the reasons set forth below, the Court overrules in part and sustains in part Defendants' objections to Hopfinger's Requests for Admissions. The motion to compel is denied.

**I. Request to Determine Sufficiency of Responses to Requests for Admissions as to All Defendants**

With this motion, Hopfinger asks the Court to deem admitted Defendants' responses to Request Nos. 1, 2, 3, 4, 5, 7, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 26 because their objections are insufficient.

A.   **Reasonable Inquiry Under Rule 36(a)(4)**

Hopfinger first argues that Defendants improperly objected to Requests 1, 2, 3, 4, 5, 14, 15, 17, 18, 19, and 20 when they claimed they did not have to make a reasonable inquiry into those requests. Specifically, Defendants' objection to those requests stated:

> Defendant objects to this request. While an answering party is obligated to undertake a "reasonable inquiry," that obligation is usually "limited to review and inquiry of those persons and documents that are with the responding parties' control." *Hanley v. Como Inn Inc.*, 2003 WL 198907, *2 (N.D. Ill. Apr. 28, 2003). An answering party "is not generally required to question unsworn third parties about the genuineness of the documents they produced." *Id.*

Under Rule 36(a)(4), however, a party may only assert lack of knowledge or information as a reason for failing to admit or deny a request if the party "states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). Because Defendants' objection is legally improper, Hopfinger argues, the above-referenced requests should be deemed admitted.

In response, Defendants first note that, under Rule 36(a)(6), if a court finds an objection unjustified, "it must order that an answer be served." FED. R. CIV. P. 36(a)(6). Then, on finding that an answer does not comply with Rule 36, the Court may either find that the matter is admitted or that an amended answer must be served. *Id.* Thus, the Court only has authority, at this point, to order that an answer be served—not to deem its objections as admissions.

Furthermore, they argue, "[a] party is not generally required to question unsworn third parties." *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *2 (N.D. Ill.

Apr. 28, 2003). Here, the requests for admissions focus on information created by and documents issued by the Illinois Municipal Retirement Fund (IMRF), which is a non-party. For example, Request No. 2 seeks an admission that "Plaintiff's 2016 Pension Statement provides that her estimated monthly pension would be $2,105." The IMRF issued that Pension Statement, however, not Defendants. Therefore, only IMRF should be able to verify that information.

Finally, with regard to any requests to admit the genuineness of documents that Hopfinger produced, Rule 36 does not require Defendants to "reasonably inquire" into the genuineness of Hopfinger's own documents. *Id.* Likewise, they argue, Rule 36 does not require them to admit to the genuineness of documents produced by the IMRF.

Whether an inquiry is reasonable depends on the facts of the case. *Id.* Generally, a "reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control." *Id.* "However, under certain circumstances, parties may be required to inquire of third parties to properly respond to requests for admissions." *Whole Woman's Health All. v. Hill*, No. 118CV01904SEBMJD, 2020 WL 1028040, at *5 (S.D. Ind. Mar. 2, 2020); *Loudermilk v. Best Pallet Co., LLC*, No. 08 C 06869, 2009 WL 3272429, at *1 (N.D. Ill. Oct. 8, 2009) ("A 'reasonable inquiry' may also require the responding party to consult third parties.").

In *Whole Woman's Health Alliance*, the court found a third-party inquiry appropriate where the defendants regulated, inspected, and licensed the third parties, thereby providing the defendants with access to the facilities and necessary documents without unreasonable expense or effort. *Id.* In *Brown v. Overhead Door Corp.*, the court found the

defendant's objection insufficient where it did not meet its burden of showing that its lack of knowledge was the result of a reasonable inquiry of its own hired expert. *Brown v. Overhead Door Corp.*, No. 06 C 50107, 2008 WL 4614299, at *3 (N.D. Ill. Oct. 16, 2008).

In this case, presumably Defendants have some relationship with the IMRF as the administrator of its employees' retirement benefits. Thus, although Defendants have no legal control over the IMRF, they could and should have made a reasonable inquiry of the IMRF in order to properly respond to Hopfinger's requests. The Court is not persuaded by Defendants' argument that Hopfinger is overreaching into the "legal province of the IMRF" simply because the admissibility of IMRF calculations at trial would require expert witness testimony. *See Hall v. Sterling Park Dist.*, No. 08 C 50116, 2012 WL 1050302, at *4 (N.D. Ill. Mar. 28, 2012).

Accordingly, pursuant to Rule 36(a)(6), the Court **OVERRULES** Defendants' objections and **ORDERS** Defendants to make such reasonable inquiry as to Request Nos. 2, 3, 5, 14, 15, 17, 18, 19, and 20. Defendants shall amend their answers to Hopfinger's requests for admissions by **April 10, 2020**. If Defendants still lack knowledge sufficient to admit or deny any part of the requests, the Court orders Defendants to describe in detail the reasonable inquiry in which they engaged. The Court declines to deem the requests to be admitted at this time. Defendants need not amend their responses to Request Nos. 1 and 4, as they are not required to inquire into the genuineness of Plaintiff's own documents. *Hanley*, 2003 WL 1989607, at *2.

### B. Improper Hypotheticals

Hopfinger next argues that Defendants' objection to Request Nos. 7, 16, 18, 22, and

26 as improper hypotheticals should be overruled. Hopfinger asserts that these requests are essential in order to present uncontested calculations regarding her salary and years of service to the jury.

In response, Defendants argue that Rule 36(a)(1)(A) allows requests to admit relating to facts, the application of law to facts, or opinions about either. Here, however, Hopfinger is asking Defendants to admit conclusions based upon assumptions and what-if scenarios (*e.g.*, Hopfinger's final 2017 earnings had she worked 2,080 hours, her years of service at age 62, her total pension if she lived to be 83, and the percent of her final earnings she would be entitled to for 36 years of service).

While the Court agrees that these requests are related to the facts of the case, they are presented as impermissible hypothetical questions. *See Buchanan v. Chicago Transit Auth.*, No. 16-CV-4577, 2016 WL 7116591, at *5 (N.D. Ill. Dec. 7, 2016); *Storck USA, L.P. v. Farley Candy Co.*, No. 92-cv-552, 1995 WL 153260, at *3 (N.D. Ill. Apr. 6, 1995) (Plaintiff "will not be required to admit to such hypothetical admissions."). Defendants' objections to Request Nos. 7, 16, 18, 22, and 26 are therefore **SUSTAINED**.

C. **Vagueness**

In Request No. 21, Hopfinger asked Defendants to admit that she would have been entitled to a 3 percent cost of living raise each year once she began receiving her pension. Defendants responded: "Based upon the assumptions made in the plan at the time the document was created, admit." Hopfinger argues that this response is impermissibly vague, as Defendants do not explain what assumptions, plan, or document to which they are referring. In response, Defendants explain that the IMRF reserves its right to make a

final determination of benefits; thus, Defendants cannot make any assumption beyond the IMRF plan currently in effect for City of Nashville present and former employees.

The Court agrees with Defendants that this response is not impermissibly vague; accordingly, Defendants will not be required to supplement their answer.

## II.     Motion to Compel

Hopfinger has moved to compel all Defendants except Defendant Brian Fletcher to respond to three discovery requests.

### A.     Contention Interrogatory

First, Hopfinger asserts that Defendants' response to her contention interrogatory regarding whether Fletcher had final decision-making authority to discharge her from employment was insufficient when Defendants answered by referring to pages from the deposition of Eric Rolf, the City of Nashville's mayor and Rule 30(b)(6) designee.

"Under Rule 33(b), interrogatories must be answered fully and include all information within the party's control or known by the party's agents." *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 289963, at *2 (N.D. Ill. Feb. 7, 2005). While interrogatory answers should be complete in themselves and not merely reference other discovery, "incorporation of other discovery as an answer to an interrogatory may be acceptable, especially if the cross-reference is clear." *Id.*

Here, Defendants cite a specific portion of Rolf's deposition that answers the contention interrogatory at issue (Doc. 91-1 at p. 2). Rolf testified on behalf of the City of Nashville that he and the city council gave Fletcher consent or permission to discharge the Hopfingers, and then it was up to Fletcher whether to dismiss them (*Id.*). The fact that

the contention interrogatory was directed to the other named Defendants in addition to the City of Nashville is of no consequence. This portion of the motion is denied.

**B.    Blue Book Contents**

Hopfinger next moves to compel the production of the "Blue Book" contents as of August 15, 2017. In response to her initial request, Defendants stated that "[t]he Blue Book was not copied on August 15, 2017." While Hopfinger acknowledges that Defendants can say they are not in possession of the requested document, she asserts that their current answer is unresponsive.

In response, Defendants explain that the "Blue Book" is a compilation of hard documents spanning a number of years. It does not exist electronically such that Defendants could go back to the exact version as it existed on August 15, 2017, and print it. Thus, Defendants are not in possession of the requested discovery. Accordingly, this portion of Hopfinger's motion is denied.

**C.    Documents Relating to Police Officer Kim Neuner**

Finally, relating to Police Officer Kim Neuner, Hopfinger seeks "documents reflecting potential impeachment evidence such as 'Giglio' letters, Brady rule disclosures, or other documents disclosed to arrestees or criminal defendants." (Doc. 72-4). Hopfinger claims Neuner may be similarly situated to plaintiff for "certain purposes." In response to her request for production, Defendants responded that "these" Defendants were not in possession of any responsive documents, but, Hopfinger argues, did not explain whether any documents were in their custody or control. In response, Defendants assert that the requested information is irrelevant to the case and that they said they are

not in possession of any responsive documents.

The Court agrees with Defendants and finds there is no basis to compel them to produce such information if it is not in their possession. Defendants are reminded, of course, that they have a continuing obligation to supplement or correct their discovery responses where appropriate. FED. R. CIV. P. 26(e).

## CONCLUSION

For these reasons, Court **OVERRULES in part and SUSTAINS** in part Defendants' objections to Plaintiff Melissa Hopfinger's Requests for Admissions. Plaintiff's Motion to Compel directed to Defendants City of Nashville, Eric Rolf, Josh Fark, Sue Finke, Terry Kozuszek, Doug Hargen, Kelly Sheridan, and Dennis Kellerman (Doc. 84) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** March 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**